W. A. SHELTON v. NORTHERN TEXAS TRACTION COMPANY.

Decided May 23, 1903.

**1.—Negligence—Concurring Cause—Separate Wrongdoer—Street Railway.**

Where, at the intersection of the defendant street railway company's tracks with those of a railroad, the tracks of both companies were in bad condition, with the rails projecting above the surface of the street, and plaintiff's wagon wheel, striking the street car rail, was caused to slide until it struck the railroad rail, and he was thereby caused to fall and received injury, the defendant was not relieved from liability by reason of the concurrent negligence of the railroad.

**2.—Same—Pleading—Charge.**

While plaintiff's petition did not allege that the culminating force causing his fall was the impact of the wheel with the railroad rail, yet, as it did not exclude such fact, its mere appearance in the evidence did not justify a charge relieving the defendant of liability because of the concurring negligence involved.

**3.—Same—Charge.**

Such error in the charge was not relieved by a charge that if plaintiff was injured by reason of his wheel striking and sliding upon the street car rail, and defendant was guilty of negligence in failing to fill up the depression there to a level with the rail, the jury should find for plaintiff.

**4.—Evidence—Privileged Communication—Waiver.**

The bar of "privilege" to a communication testified to by defendant's counsel was waived by plaintiff where he testified in relation thereto himself, and permitted the testimony of another witness relative to it to be received without objection.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Carlock & Gillespie,* for appellant.

*Capps & Cantey* and *Theodore Mack,* for appellee.

CONNER, CHIEF JUSTICE.—Appellant was denied a recovery for damages resulting from personal injuries received while driving over appellee's street railway track along Main Street in the city of Fort Worth where it intersects, and at substantially a right angle crosses the main track and several switch tracks of the Texas & Pacific Railway Company. It was alleged that in violation .of a city ordinance pleaded, appellee "negligently permitted its said iron rails so laid in

said traveled thoroughfare to project above the surface of the adjacent street for a distance of, to wit, four inches, and negligently permitted the street lying near its said rails and tracks to become scooped out and worn, and cut into holes, so as to become a menace and danger to those driving vehicles over and along the said street, and thereby rendering the use of said street unnecessarily dangerous to the traveling public." And that, "while the plaintiff was in the exercise of reasonable care in the prosecution of his said work and business, and endeavoring to cross the tracks of the said defendant, the wheels of his said loaded wagon came in contact with the said projecting or protruding rails of said defendant, * * * the plaintiff's wheels dropped into said excavations or depressions, and were caused to be jolted or slided upon and against the said rails of the defendant's tracks, thereby causing him to be jolted from his seat and thrown to the ground, a distance of some ten feet, inflicting upon him serious injuries as hereinafter set out."

There was evidence in behalf of appellant tending to show that the tracks of both the railway company and appellee were in bad condition, and also that the wheel of appellant's wagon struck the street car track and slid along several feet until it came in contact with the track of the railway company, whereupon appellant fell off. Appellant himself testified in the latter particular: "I was crossing these tracks at right angles when the sprinkling wagon struck the street car tracks, the wheels slipped and threw me off. * * * The wheel was in a hole when it was sliding. I slid about two and a half or three feet. When it struck the rail it went down in the hole and slid along the street car rail until it struck the Texas & Pacific track or rail which runs east and west and threw me out."

The court charged the jury, among other things, that if they found that "plaintiff attempted to drive across said track, and that in so doing one of the wheels of the wagon he was driving dropped into said hole and against said rail and slided against said rail, and that by reason of said wheel so striking and sliding upon said rail the plaintiff was thrown from his wagon and injured, and if under foregoing instructions you find that the defendant was guilty of negligence in failing to fill said hole or depression, if any, to a level with said rail, then your verdict will be in favor of plaintiff, unless under instructions hereinafter given you find that plaintiff was himself guilty of negligence which proximately contributed to his injury."

The court also gave the following charge, to which error is assigned, to wit: "If you believe from the evidence that plaintiff's wagon wheel struck the rail of the Texas & Pacific Railway Company, and that the striking of the same was the proximate cause of plaintiff's fall and injury, and that the striking and the sliding of the wheel upon the defendant's rail, if it did so strike and slide upon the same, did not cause plaintiff's fall, then your verdict will be for the defendant."

We are of opinion that the charge last quoted is erroneous, and that the error is not relieved by the state of appellant's pleadings, to which

there was no special exception, nor by the court's charge as herein first quoted. The authorities clearly establish appellant's proposition under the assignment under consideration, to the effect that, "If an accident occurs from two causes, both due to the negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for the injury resulting, and the negligence of one furnishes no excuse for the negligence of the other." See Markam v. Navigation Co., 73 Texas, 247; Gulf C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 357; Gonzales v. City of Galveston, 84 Texas, 3; Gulf C. & S. F. Ry. Co. v. Godair, 3 Texas Civ. App., 517. While in describing the manner of the accident no specific mention was made of the fact, if so it was, that the culminating force causing appellant's fall was the impact of the wheel of his wagon with the rail of the railway company, yet the petition did not exclude such a state of fact, and merely because in the development of the case on the trial it so appeared, did not justify a charge to the jury which in effect relieved appellee from the consequences of its negligence, if any, because of concurring negligence on the part of the railway company. Appellee's negligence, if any, was, in this phase of the evidence, at least a concurring proximate cause, and if so, appellee was liable for the consequences thereof, unless relieved upon some ground other than that the immediate cause of the fall was the sudden contact with the railway track. The charge as first quoted was in harmony with the general allegations of the petition as to the manner of the accident, and the charge objected to, if not in conflict therewith, must at least have tended to mislead and confuse the jury.

We think appellant clearly waived the bar of "privilege" (if it ever existed) to the communication of which one of appellee's counsel testified. The testimony of another who was present at this conversation had been received without objection on appellant's part, and he also had fully and freely testified in relation thereto. Nor can we sustain the objection made to the charge on contributory negligence; but for the error in the charge of the court discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*