MISSOURI, K. & T. RY. CO. OF TEXAS v. AYCOCK.†

(Court of Civil Appeals of Texas. Jan. 28, 1911. Rehearing Denied Feb. 25, 1911.)

1. TRIAL (§ 296*)—INSTRUCTIONS.

Error in referring the jury to the pleadings to ascertain the issues was harmless, where another instruction evolved the issues, which were simple.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

2. CARRIERS (§ 321*)—TRIAL (§ 194*)—PASSENGERS—INJURY—INSTRUCTIONS.

An instruction that a carrier is not an insurer of its passengers or stock, but that it must use that degree of care in transporting

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court March 29, 1911.

an emigrant train that an ordinarily prudent person would use in similar circumstances to stop it and start it, and couple onto it, so as not to injure stock or persons lawfully entitled to be, and actually on a car, and that failure to use such care is negligence, is not erroneous as placing a higher degree of care on a carrier than the law fixes, nor as being upon the weight of the evidence, nor as incorrectly defining negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1337; Dec. Dig. § 321; Trial, Cent. Dig. §§ 439–441, 446–454; Dec. Dig. § 194.*]

3. DAMAGES (§ 216*)—INSTRUCTIONS—DOUBLE DAMAGES.

An instruction that the measure of damages for personal injury was such sum as would compensate plaintiff for the injury, that in estimating the damages any mental and physical pain suffered or to be suffered should be considered, and that, if the injuries were permanent and would impair his laboring capacity, "then, in addition to the above," he could recover for such diminished capacity, was not erroneous as authorizing double damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

4. DAMAGES (§§ 18, 62*)—AGGRAVATION.

A passenger negligently injured can recover for all damages proximately resulting, but cannot recover for any aggravation resulting from his own negligence in failing to procure medical treatment.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 37, 119–132; Dec. Dig. §§ 18, 62.*]

5. CARRIERS (§ 321*)—INJURY TO PASSENGERS—INSTRUCTIONS.

An instruction that defendant carrier was not bound to send a physician to treat an injured passenger, and that the jury could not consider testimony that the carrier's agent agreed to send its local physician, but failed to do so, was properly refused; the testimony being admissible on an issue of the passenger's contributory negligence in failing to procure treatment.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 321.*]

6. CARRIERS (§ 229*) — STOCK — DAMAGES — MEASURE.

It was error to instruct that the measure of damage for injury to stock at an intermediate point in transit was the difference between their market value at the destination just before and just after the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

Appeal from District Court, Haskell County; C. C. Hughes, Judge.

Action by E. C. Aycock against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed on condition.

H. C. Hughes, for appellant. Jas. P. Kinnard and Theodore Mack, for appellee.

DUNKLIN, J. Appellee, while traveling in an emigrant car on appellant's road, sustained an injury to his hand at Whitesboro, and recovered a judgment for damages by reason thereof, and also for injuries to two animals which were being shipped in that car. At the time of the injury, the car was standing on a side track and was struck by another car that was moved up and coupled to the emigrant car. The collision caused appellee to fall against the side of the car, and in this manner he was injured.

The court charged the jury as follows: "In this case you will have with you the plaintiff's first amended, original petition and first supplemental petition for a statement of his cause of action, and the defendant the Wichita Valley Railway Company's first amended, original answer for a statement of its grounds of defense and plea over against the Missouri, Kansas & Texas Railway Company of Texas for affirmative relief in case any judgment is rendered against the said Wichita Valley Railway Company, and the defendant the Missouri, Kansas & Texas Railway Company of Texas' first amended, original answer for a statement of its grounds of defense."

While it is the duty of the court to evolve from the pleadings the true issues of fact arising therefrom and submit the same to the jury without leaving the jury to determine the issues presented by the pleadings, and while instructions such as the one shown above have often been condemned by the higher courts of this state, yet we are cited to no decisions, and have found none, reversing a judgment by reason alone of such a charge. Houston Electric Co. v. Nelson, 34 Tex. Civ. App. 72, 77 S. W. 978; Bering Mfg. Co. v. Femelat, 35 Tex. Civ. App. 36, 79 S. W. 869. In the cases cited the judgments were reversed on other errors assigned. The question to be determined is whether or not the instruction given was calculated to mislead and confuse the jury. In subsequent paragraphs of the charge the trial court did evolve the controverted issues of fact, which were not complicated, but simple, and which were specifically submitted for the jury's determination, and a verdict directed in accordance with such findings as might be made upon the issues thus presented, irrespective of and without reference to the pleadings on file in the case. At the beginning of the trial, the jury hear the pleadings read, and Sayles' Ann. Civ. St. 1897, art. 1303, provides that they may take the pleadings with them in their retirement. While the practice of referring the jury to the pleadings to ascertain the issues tried is to be condemned as calculated, in many instances, to mislead the jury, and as wholly useless and superfluous at all events, if the charge of the court is properly prepared, yet it is not probable that the jury were misled in this case by the instruction quoted above, and therefore we overrule appellant's assignment of error complaining of that instruction. Hall v. Hargadine-McKittrick Co., 23 Tex. Civ. App. 149, 55 S. W. 747; I. & G. N. Ry. v. Leak, 64 Tex. 654.

The second paragraph of the court's charge reads: "You are charged that railroad com-

panies are not insurers of the safety of their passengers or stock, but it is the duty of the railway company to exercise that degree of care in transporting an emigrant train that an ordinarily careful and prudent person would exercise under similar circumstances to stop it and start it, and couple onto it, in such a manner as not to injure animals or persons lawfully entitled to be, and actually on said car, and a failure, if any, to exercise such care is negligence." This instruction is criticised as placing "a greater degree of care upon a railway company than the law requires," as being upon the weight of the evidence and as giving an incorrect definition of negligence. None of these contentions can be sustained. In the operation of the car appellant was compelled to couple to it some portion of the train and to start and stop it, and the instruction that in performing those services a railway company owes the duty to exercise ordinary care for the safety of passengers and stock rightfully on such a car, and that a failure to exercise such care would be negligence, was certainly as favorable as appellant could expect, and was not on the weight of the evidence.

The transcript shows the following instruction given upon the measure of damages: "If the plaintiff sustained damages by reason of the negligence of the defendant the Missouri, Kansas & Texas Railway Company of Texas, as alleged, and you find for plaintiff, then the measure of his damage to his person in such sum in money as you may believe from the evidence will compensate him for the injury sustained, if any, and in estimating his damages you should take into consideration the mental and physical pain, if any, which plaintiff has suffered, and which he may hereafter suffer, as a result of his injuries, if any; and if you believe from the evidence that the injuries to plaintiff, if any, are of a permanent nature, and will impair his capacity to perform labor in the future, then in addition to the above you should find such sum as will compensate plaintiff for such diminished capacity, if any, to perform labor in the future." Appellant complains that the instruction permitted the assessment of double damages. We think the latter portion of the instruction, ·in effect, that if plaintiff's injuries should be found to be permanent, "then in addition to the above you should find such sum as would compensate for such diminished capacity, if any, to perform labor in the future" was understood by the jury as an instruction calling attention to the issue of alleged permanent injury, to be considered by the jury in estimating the damages to be assessed, in the event of a verdict for the plaintiff, just as they were told to do relative to mental and physical pain suffered by the plaintiff prior to the date of the trial. A charge substantially the same as the one quoted above was given in the case of In-

dustrial Lumber Co. v. Bivens, 47 Tex. Civ. App. 396, 105 S. W. 831, and it was assailed upon the ground that it allowed double damages, that it authorized the jury to assess compensation twice for the same elements of damage; but our Court of Civil Appeals for the Fourth district sustained the charge, and in the case a writ of error was denied by our Supreme Court. For further authorities in accord with that opinion, see the cases therein cited. We overrule the further contention made by appellant that in submitting physical and mental suffering and lost capacity to earn money as separate items double damages were permitted, in that each element is embraced within and is inseparable from the other. Houston Electric Co. v. Seegar, 117 S. W. 900, and decisions therein cited.

The evidence tended to show an unreasonable delay of the car in which plaintiff was riding after it reached the town of Wichita Falls, its destination being at Haskell, a point on the Wichita Valley Railway, which connects with appellant's road at Wichita Falls, and the court instructed the jury that if the car was unreasonably delayed at that point, and that if appellant was guilty of negligence in failing to avoid the same, and if plaintiff's injuries were aggravated thereby, then such delay might be considered in assessing the damages, if any, sustained by plaintiff, which were caused by such delay. Independent of the issue of negligence causing this delay, plaintiff could recover for all damages which were the proximate result of appellant's negligence in bumping into the emigrant car at Whitesboro, at the time plaintiff sustained the injury complained of. The issue of contributory negligence on the part of appellee in failing to procure the services of a physician at Wichita Falls sooner than was done was properly submitted to the jury in the court's charge, in which they were told that he could not recover for any aggravation of his injuries resulting from such negligence on his part.

The following instruction requested by appellant was properly refused by the court: "You are instructed that it is not the duty of the local agent of a railway company to send a doctor to treat one who has been injured on the line of said railroad, and you are instructed that you must not consider the facts testified to by the plaintiff in this case, that the local agent of the Missouri, Kansas & Texas Railway Company of Texas agreed to send the local physician of said company to plaintiff's car, and did not do so, for the reason that said local agent at Wichita Falls had no authority to make such an agreement with plaintiff." Plaintiff testified as follows: "I said that I did not go and get my hand treated on Monday night, and that I stayed at the car. The reason I stayed at the car was that the agent said he would get the doctor for me, and I

expected him to bring the doctor there to the car. It was the agent of the Missouri, Kansas & Texas Railway Company at Wichita Falls that told me he would get the doctor for me." This evidence was clearly admissible upon the issue of contributory negligence of the appellee in failing to employ a physician to treat his hand sooner than was done; and it would have been improper to have withdrawn that testimony from the jury, as was sought by the instruction requested.

One of the items of damages alleged in plaintiff's petition was the injuries to a mare and cow, and upon that issue the court instructed the jury that in the event of a recovery by the plaintiff, the measure of damages for the injuries to those animals would be the difference between their market value at Haskell, the place of destination, just before and just after the injuries: both animals having been injured at Whitesboro, when plaintiff sustained his injuries. Counsel for appellee, in oral argument of this case, confessed error in that instruction, and without further discussion the assignment complaining of it is sustained.

The verdict of the jury shows that appellee was allowed $75 as damages for injuries to the two animals. The judgment of the trial court will be reversed for this error, unless appellee shall within 20 days from the date of this decision file a remittitur of the amount so allowed, but if such remittitur shall be filed within that period, then the judgment of the trial court for $3,500, the amount allowed appellee for personal injuries, will be affirmed, and as to the other item of damages the judgment will be reversed and rendered in favor of appellant.