TEXAS CO. v. CHARLES CLARK & CO.
(No. 6856 [6974].)

(Court of Civil Appeals of Texas.   Galveston.
June 15, 1917.)

1. APPEAL AND ERROR ⬅1191—CERTIFICATE OF NO MANDATE.

Under Rev. St. art. 1559, providing that upon judgment of reversal and remanding if mandate is not taken out within 12 months, then, upon the filing in the court below of the certificate of the clerk of the appellate court to that effect, the case shall be dismissed from the docket of the lower court, the clerk of the Court of Civil Appeals was not required to make certificate stating only the date of judgment reversing and remanding the judgment of the court below, and that no mandate had been taken out, but a certificate offered by him showing that, after such judgment, petition for writ of error to the Supreme Court was filed, and by the Supreme Court dismissed for want of jurisdiction, and no motion for rehearing was filed in the Supreme Court by appellee, and the record of the cause accompanied by a certified copy of the order dismissing the application for want of jurisdiction was returned to the Court of Civil Appeals, was sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4646.]

2. APPEAL AND ERROR ⬅1191—CERTIFICATE OF NO MANDATE.

Under such statute, the jurisdiction of the Court of Civil Appeals reversing and remanding a cause terminating with the expiration of the term in which such judgment was rendered and a motion for rehearing refused, such court has no original jurisdiction of a motion by appellant to require the clerk of that court to issue the statutory certificate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4646.]

Action by Charles Clark, doing business as Charles Clark & Co., against the Texas Company. On motion of appellant to require the clerk to issue to it certificate under Rev. St. art. 1559. Motion dismissed.

For former opinion, see 182 S. W. 351.

PLEASANTS, C. J. Appellant has filed a motion in this court in the above-styled cause to require the clerk of this court to issue certificate on article 1559 of Revised Statutes showing the date judgment reversing the judgment of the court below and remanding the cause was rendered.

The motion discloses that on October 21, 1915, we rendered a judgment in this cause reversing the judgment of the court below and remanding the cause for a new trial, and on April 20, 1916, a motion for rehearing filed by appellee was overruled. Thereafter, on May 20, 1916, appellee filed petition for writ of error to the Supreme Court. Neither appellant nor its attorneys of record had any notice of the application for writ of error as required by article 1542a, Vernon's Sayles' Statutes, and did not know that such application had been filed until they saw in the daily papers that the Supreme Court had, on April 18, 1917, dismissed the application for want of jurisdiction. No motion for rehearing was filed in the Supreme Court by appellee, and the record of said cause, accompanied by certified copy of the order dismissing the application for want of jurisdiction, was returned to this court and received by the clerk on May 7, 1917. Thereupon appellant applied to the clerk of this court for a certificate showing that no mandate has been taken out from this court under the provisions of article 1559, Revised Statutes. The clerk offered to issue a certificate stating all of the facts above set out, but refused to issue a certificate only stating the date of judgment reversing and remanding the judgment of the court below, and that no mandate has been taken out.

[1, 2] This motion is to require the clerk to issue the certificate in the form requested by appellant. In passing upon and refusing the motion at a former day of this term, we did not consider the question of our jurisdiction to hear and determine the question presented, but our conclusion was and still is that the certificate which the clerk offered to issue was a sufficient compliance on his part with the statute above cited. Upon further consideration we are of the opinion that we have no original jurisdiction of the matter presented by the motion, and that if the clerk has failed to perform a ministerial duty required of him by the statute, it is not one which affects any cause pending in this court, our jurisdiction over this cause having terminated with the expiration of the term in which our judgment was rendered and the motion for rehearing refused, nor does it in any way affect the proper performance of his duties to this court.

Such being the case, the clerk could only be required to issue the certificate by mandamus proceeding instituted in a court of original jurisdiction of such proceedings.