John Markham v. The Houston Direct Navigation Company.

No. 2704.

1. **Joint Wrongdoers.**—Where an injury is inflicted by the joint act of two or more parties the injured party may sue either or all of them.

2. **Same.**—The defendant company in its work left a rope suspended across Buffalo Bayou at night without a signal light showing its presence. A boat with passengers ascending the bayou collided with the rope, thereby injuring the plaintiff, who was a passenger. *Held*, that while the boat as a carrier owed the duty of greater care to its passengers, still the navigation company would not be relieved from responsibility for its negligence by the contributory negligence of those managing the boat.

3. **Negligence—Charge.**—It was error in the court to instruct the jury that "warning by hailing in time to have prevented the accident would be proper care on part of the defendant."

Appeal from Harris. Tried below before Hon. James Masterson.

The opinion states the case.

*Brady & Ring,* for appellant. —1. The charge of the court was upon the weight of testimony in this: (1) The court instead of the jury decides that under all the circumstances in evidence the failure on the part of defendant to exhibit a lantern was not negligence, although the testimony shows that the accident occurred after dark. (2) Because the

court announces as a matter of law that the mere hailing of the tug, and thus notifying those on board of the danger in time to prevent the accident, relieved defendant from all liability for negligence in allowing a rope to remain stretched across the bayou after dark without a light indicating same.   Castley v. Railroad Co., 70 Texas, 112; Railroad Co. v. Watson, 58 Texas, 434; Railroad Co. v. Waller, 56 Texas, 331; Heldt v. Webster, 60 Texas, 207; Williamson v. Davidson, 43 Texas, 2; Beaumont Pasture Co. v. Preston & Smith, 65 Texas, 448; Kimbro v. Hamilton, 28 Texas, 566; Andrews v. Marshall, 26 Texas, 215; Lee v. Wilkins, 1 Posey's U. C., 284; Burcham v. Gann, 1 Posey's U. C., 333.

2.   Plaintiff was entitled to recover even though the negligence of the employes on the barge contributed to the accident, provided the proximate cause of the accident was the negligence of defendant's employes. If the negligence of both contributed to the accident plaintiff could recover against either or both, provided the injury would not have occurred but for the negligence of the one against whom a recovery was sought.

Joint tort feasors may in general be sued either jointly or severally. Railroad v. Dorsey, 66 Texas, 151, referring to 42 Iowa, 246.   All parties guilty of tort are liable.   Railway Co. v. Pinchard, 1 W. & W. Ct. App. C. C., sec. 428; Railroad Co. v. Hurless, Id., secs. 582–3; Railroad v. Parker, 50 Texas, 347; Whitaker's Smith on Neg., 480; Add. on Torts, 5 ed., 57.   Action may be brought against one or all participants.   1 Sutherl. on Dam., 211.   Each and all liable for entire damage. Id.

That misconduct of third party contributed to injury is no excuse (2 Wood Ry. Law, p. 1076, note; Id., p. 1342, note) where passenger was injured by joint negligence of two parties.   Cuddy v. Horn, 41 Am. Rep., 178.

*W. N. Shaw,* for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by John Markham to recover damages on account of injury to his wife alleged to have been caused by the negligence of the employes of the Houston Direct Navigation Company, on or about January 23, 1887.

Appellant's wife at the time of her injury was a passenger on board the Mollie Mohr, a tug boat used on that occasion by a party of excursionists, of whom she was one.   The Mollie Mohr, on coming into Houston on her return that day after dark, ran against a rope stretched across the bayou by the employes of the navigation company for the purpose of removing a barge that was aground upon a stump in the stream.   The flag pole of the Mollie Mohr striking this rope was broken and fell upon the head of appellant's wife, inflicting the injuries complained of.

The defendant's negligence is charged in the plaintiff's petition in the following language:

"The direct cause of the injury to plaintiff's wife was the act of defendant in leaving said cable across said bayou after nightfall without a light being fastened to it."

The defense pleaded is that defendant was engaged in getting one of its barges off of a stump in the bayou, and for that purpose had run a line to the opposite bank of the stream; that while so engaged the tug on which plaintiff's wife was a passenger was discovered coming up the bayou; that defendant at once signaled the tug by hailing those on board of and controlling it, at the distance of three hundred or four hundred feet from said line, and notified and warned them that the line was stretched across the bayou, and asked them to stop; that the persons operating and controlling the tug, though so notified in ample time to stop the tug and allow the line to be passed over or around it, refused to stop, but continued the tug at full speed, and without giving defendant an opportunity to slacken or loosen the line, negligently ran against it, and defendant therefore charges that the accident was caused solely by the negligence of the persons operating and controlling the tug. There was a verdict and judgment for the defendant.

The only controversy with regard to the facts was as to whether it was quite dark when the tug collided with the rope, at what rate of speed the tug was then going, whether notice by hailing was given to the persons on the tug, and whether such notice was given in time to enable the parties managing the tug to avoid the danger if it had been regarded. Upon these points the evidence is conflicting.

At the request of defendant's counsel the court charged the jury:

"That the mere omission on the part of defendant's employes to exhibit or cause to be exhibited a lantern at the place where the line is alleged to have been stretched across the bayou does not of itself constitute negligence sufficient to render defendant liable, unless you believe from the testimony that the accident resulted solely from that omission and that no other or sufficient precautions were taken by said employes to prevent said accident.

"If the testimony satisfies you that defendant's employes hailed said tug and notified those on board of it of the danger in time to have prevented the accident, then you will find for defendant."

In some States the doctrine has been maintained that mutual negligence throws the responsibility on the carrying party, and that even as between a passenger and a public carrier "the passenger is so far identified with the carriage in which he is traveling that want of care upon the part of the carrier will be a defense to the owner of the carriage which directly caused the injury." Lockhart v. Lichtenthaler, 46 Pa. St., 159.

The same doctrine prevails in some other States and in the English courts.

In New York the opposite doctrine is held.  20 N. Y., 497; Cooper v. E. T. Co., 75 N. Y., 116.

In the case of Cuddy v. Horn, 46 Michigan, it is held that where a passenger "can rightfully have no voice or control he can not be so identified with those in charge as to be considered a party to their negligence." "In the case of a private conveyance the driver is under the control of the passenger." "An act wrongfully done by the joint agency or co-operation of several persons will render them liable jointly or severally."

"The injury done in this case resulted from a collision caused by the contemporaneous act of two separate wrongdoers, who though not acting in concert, yet by their simultaneous wrongful acts put in motion the agencies which together caused a single injury."

In the Court of Appeals of Kentucky, in the case of a passenger on a street railroad injured by a collision of its car with the train of a steam railroad company, the same doctrine is asserted.  Cent. Pass. R. R. v. Kuhn, 6 S. W. Rep., 441.

The case of Bennett v. New Jersey Railroad and Telegraph Company was also the case of a passenger on a horse car injured by its collision with the locomotive of another railroad company.  Beasley, Chief Justice, says:  "The doctrine of the English case (Thorngood v. Bryan) appears to convert the driver of the omnibus into the servant of the passenger for the single purpose of preventing the passenger from bringing suit against a third party whose negligence was co-operated with that of the driver in the production of the injury."  "Under the circumstances in question the passenger is a perfectly innocent party, having no control over either of the wrongdoers, and no reason is seen why, according to the usual rule, an action will not lie in his behalf against either or both of the employers of such wrongdoers."  36 N. J., 225; Wood on Railroads, 1340.

The instructions in the case before us present the issue as it would be between the defendant and the owners of the steam tug, and impose upon plaintiff the consequences of the negligence of those managing the tug upon which his wife was a passenger, if such negligence existed.  This view would be correct if the boat on which she was being conveyed had been her private property or under her control.  As a passenger on the tug she was not responsible for the negligence of its managers.  If both the defendant and the managers of the tug were negligent she could have maintained a joint action against both, and by proving that both were negligent could have recovered against both.  In that case either defendant could have successfully defended only by proof that it was not negligent at all.

But proof by either that notwithstanding its own negligence no injury to plaintiff's wife would have resulted if the other had not been guilty of concurring negligence would have been no defense to either.

While two wrongdoers may be sued jointly and a recovery had against both if both are guilty, or if one only shall be found guilty against that one, such suit may as in this case be brought against one only of the wrongdoers, and upon proof that the one sued was guilty of contributing to the injury recovery may be had against that one for the injury caused by it and the contributing act of the other wrongdoer, as if the whole was caused by the party sued.

The only difference that can result between suing two as wrongdoers jointly and electing to sue one only will be when one is found not to have contributed at all to the injury, in which case, if by mistake the innocent party has been sued, there can be no recovery, whereas if both had been joined a recovery could have been had against the one proved to be guilty.

The tug owed a higher degree of care to plaintiff's wife than did the defendant, because she was a passenger on it and did not hold that or any other relation to defendant.

But that condition of things did not at all absolve the defendant from its general obligation to abstain from any negligent act injuring or contributing to injure her.

Plaintiff's petition charges that placing a rope across the stream on a dark night without suspending on it a light to show its position was an act of negligence.

It is evident that the act brought about danger and injury to plaintiff's wife. Defendant does not contend that the rope was not an unseen danger, or that it was impracticable to place a light on it, or that such light would not have removed the danger, or at least have been a sufficient and timely advertisement of its existence and position, but defends on the ground that it warned the managers of the tug by hailing them in time for them to have avoided the danger.

The charge of the court that if such warning by hailing was given the verdict should be for the defendant, determined as matter of law the question of negligence under this state of facts.

We do not think that the proposition embodied in the charge is the law of the case, and if it was true that the warning by hailing was sufficient to absolve defendant from the charge of negligence, it was a matter for the jury and not the court to determine.

The charge that the failure of defendant to exhibit a light did not by itself constitute sufficient negligence to render defendant liable, unless the accident resulted solely from that omission, or unless no other sufficient precautions were taken, implies that the failure to exhibit the light might have been negligence in the absence of the named exceptions.

The next charge informs the jury that notice to the people on board the tug by hailing them in time was such sufficient precaution. Not to repeat that these charges invaded the province of the jury, we think they are unsound in other respects.

A jury may be able to say, and under the evidence in a given case it may become proper for them to say by their verdict, that hailing with the human voice a steam tug in motion from the bank of a navigable stream to prevent it from running upon an unseen obstruction on a dark night is equivalent to and dispenses with the use of a warning light. It was not proper to so declare in this case as matter of law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 8, 1889.