**EVANS v. HARTMAN et al.**    (No. 6550.)

(Court of Civil Appeals of Texas. Austin. March 10, 1923.)

**1. Sales ⬗425—Purchaser under fraudulent representations of condition and fitness may keep property and sue for difference in values, or tender it back, rescind for breach of warranty, and recover consideration or its value.**

One purchasing property under fraudulent representations of condition and fitness for purpose for which sold may keep it and sue for difference in value of property he should have received and that delivered, or tender it back, if of any value, rescind contract for breach of warranty, and recover what he gave therefor or its value.

**2. Exchange of property ⬗13(1)—Petition in suit to rescind contract fraudulently obtained for breach of warranty held good against general demurrer or exception.**

Petition in suit to rescind contract, obtained by fraudulent representations, for breach of warranty of condition and fitness of property exchanged, *held* good against general demurrer or exception.

**3. Exchange of property ⬗12.**

Value of property exchanged by one inducing contract by fraud is immaterial, in suit to rescind for breach of warranty of condition and fitness, except on question of tendering it back before rescission.

**4. Appeal and error ⬗1001(1).**

Jury's verdict on sufficient evidence will not be disturbed.

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Exchange of property ⬤⟿13(2)—Tender of bill of sale for reconveyance of automobile during trial of suit to rescind contract and recover value of property exchanged therefor held in time.**

Where party fraudulently inducing contract for exchange of property refused to accept automobile exchanged by him when delivered to him by other party, and it was in former's possession at time of trial of suit to rescind contract and recover value of property exchanged therefor, tender of bill of sale for reconveyance thereof during trial was in time.

**6. Appeal and error ⬤⟿1062(1)—Submission of issue of evidence, rather than fact, held immaterial, in suit to rescind contract for exchange of property, where jury found on other issues sufficient facts to constitute fraud.**

Submission of issue of evidence, admissible on issue whether false representations induced plaintiffs to make contract sought to be rescinded, rather than issue of fact to be ascertained, held immaterial, where jury found on other issues sufficient facts to constitute fraud.

**7. Appeal and error ⬤⟿218(2).**

Submission of two questions in one issue held not available error, in absence of request for separation at time or by special charge.

**8. Exchange of property ⬤⟿13(4)—Submission of issues as to value of property, exchanged by party seeking to rescind contract and recover property or its value, if not forthcoming under replevy bond, held not error.**

In suit to rescind contract for exchange of property and recover property exchanged or its value, court did not err in submitting issues as to value of such property, especially where plaintiffs sequestered it and defendant gave replevy bond, on which plaintiffs sought to recover its value if not forthcoming under bond.

**9. Appeal and error ⬤⟿216(1), 882(15)—Failure to charge that burden was on plaintiffs to establish favorable answer on special issues held not reversible error, where defendant requested no proper charge and charge given at his request was in accord with court's charge.**

Failure to charge that burden was on plaintiffs to establish affirmative answer in their favor on special issues submitted held not reversible error, where defendant requested no proper charge on burden of proof and charge given at his request was in accord with court's charge thereon.

Appeal from Coleman County Court; L. G. Matthews, Judge.

Suit by C. W. Hartman and others against T. N. Evans. Judgment for plaintiffs, and defendant appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant.

Baker & Weatherred, of Coleman, for appellees.

BLAIR, J. This suit was instituted by appellees for a rescission of a contract in exchange of properties, because of a breach of warranty, in that fraudulent representations were made as to the condition and fitness of the property exchanged; and, in the alternative, for the value of the property which appellees traded to appellant, if the property was not forthcoming. Judgment was rendered in favor of the appellees against appellant for the possession of the property described, and, in the event it was not forthcoming, for its value; also for judgment on a replevy bond made by appellant upon the property being sequestered by appellees.

Appellees alleged that certain material statements were made by appellant, and that they were false, and that appellees were induced to exchange the property in question by reason of said representations, and that they were ignorant of the falsity of said statements, and relied on the same and believed them to be true; that said statements were intended to induce appellees to exchange their property, and they did act upon said statements and exchange their property for the Overland automobile, and that the same was worthless, and they were damaged in the sum of $325, the value of the property so exchanged by them.

Appellant answered by a general demurrer, general exception, and general denial.

Appellees caused a writ of sequestration to be issued by the clerk and delivered to the sheriff for said property, at the time of the institution of the suit, and appellant replevied the same by giving a bond, with B. E. Webster and R. W. Sheffield as sureties.

The cause was heard before a jury and submitted to them upon special issues, and judgment entered in compliance with their findings that appellees recover said property from appellant, and requiring him to deliver the same forthwith, and, in the event of his failure to do so, that appellees recover of the appellant and the sureties on his replevy bond judgment for the sum of $325, being the amount found by the jury to be the value of the property which appellees traded and delivered to appellant.

After the trial of said cause, without any notice to appellees and without their consent or knowledge, the appellant requested the court to make certain findings of fact, which he had prepared in the nature of questions and answers on issues which were not requested by appellant to be submitted to the jury.

On July 22, 1921, appellant and appellees entered into a contract for the exchange of certain properties, appellees trading or exchanging one Kimball piano, one large yellow part Jersey cow, 7 years old, and her heifer calf, one top buggy and harness, one zinc cistern tank, and $12 worth of sweet potatoes for appellant's Overland automobile. All of said property exchanged by appellees was delivered to appellant, except the zinc

cistern tank, the sweet potatoes, and the hole in the ground for the zinc tank; and appellant delivered to appellees the Overland automobile.

Appellees knew nothing about an automobile. They had known appellant for a number of years. Appellee W. Hartman, who owned the principal part of the property, was 72 years of age, and trusted appellant, and relied upon his statements about the condition of the car; that the representations induced him to make the trade and to deliver the property in question in exchange for the automobile. Appellant represented the car to be in good condition, and that it would give good service, and that he bought the same new about four years previous and had paid therefor the sum of $1,200; that a day or two after receiving the car, appellees brought it back and requested a cancellation of the contract, because the car was not in good condition and was not serviceable. Appellant urged them to accept the car and agreed to have certain work done on it, for which he would pay. The car remained in the garage some three or four days for repairs, and the parties started home with it, and it would not run. They again left the car and returned later, and attempted to again drive the car to their home in the country, but were unable to do so, and had to leave it over night. Appellees again asked appellant to take the car back; that it was not in good condition and unserviceable, which he refused to do. About one week after the trade, appellees pulled the car behind a wagon to appellant's house, and left it. Appellant refused to take or accept the car from them and return their property. The car, at the time of the trial, was still in the possession of appellant, and had been in his possession and not used since being so left by appellees. Appellant knew the car was in bad condition at the time he made the representations. He did not purchase the same new and pay $1,200 therefor about four years previous, but two other parties had owned the car and had run the same for several years before he purchased it, and he only gave $650 in notes for the car; that the engine was broken and the starter was broken, and the bolts were worn, and the threads were worn to the extent that the bolts would not hold, and had to be wired in and were constantly coming loose, and that the fly wheel for the starter on the car had several cogs broken—all of which appellant knew at the time he made the representations, and knew the representations to be false, but nevertheless stated that the car was in good condition, and that it would give good service, and in the written contract stated: "The car is all right except the batteries."

Appellant's principal grounds of this appeal are based upon the alleged insufficiency of plaintiffs' pleading to establish a cause of action entitling them to a rescission of the contract and return of the property so exchanged. That portion of plaintiff's petition relating to rescission because of breach of warranty of contract, induced by fraudulent representations, is short, and we will copy the same in full:

"That heretofore, to wit, on or about July 20, 1921, the defendant, T. N. Evahs, falsely and fraudulently represented to plaintiffs that he was the owner of an Overland automobile in good running condition and that he had bought said car new about four years previous and paid therefor the sum of $1,200 and guaranteed to plaintiffs that said car was in good condition and would give good service. That plaintiffs, relying upon said representations of the defendant, and not knowing the true condition of the car aforesaid, agreed with the defendant to deliver to defendant in exchange for said car the personal property aforesaid, and one zinc cistern and $12 worth of sweet potatoes, and in compliance with said agreement delivered to the defendant all of the personal property described in the first paragraph hereof, and the defendant delivered to plaintiff the car aforesaid. That shortly thereafter the plaintiffs ascertained that said car was not in good condition and would not give good service, and that the defendant had not bought same new four years ago, and that he had not paid the sum of $1,200 therefor, and that said car was worthless for any purpose, and they thereupon returned said car to defendant, T. N. Evans, and demanded a cancellation of said contract and that the defendant redeliver to them the personal property aforesaid, but the defendant unlawfully and wrongfully failed and refused to deliver and return said property to the plaintiffs, to their damage the value of same, to wit, the sum of $325. Wherefore, premises considered, plaintiffs pray that defendant be cited as required by law, and that, upon hearing hereof, they have and recover of and from the defendant the property aforesaid, and in the alternative its value as aforesaid, and plaintiffs further pray for all costs of suit and for general relief."

[1] It is a well-settled law in Texas that one who purchases property under fraudulent representations as to its condition and fitness for the purpose for which it is sold has two remedies: First, he may keep the property and sue for the difference in the value of the property delivered and that which he should have received; or he may tender the property received back, if it has any value, and rescind the contract because of the breach of warranty as to its condition and fitness, and recover whatever he had paid or exchanged therefor, or its value. Simkins on Contracts and Sales, pp. 770 to 773, and the cases cited thereunder; Case Co. v. Hall, 32 Tex. Civ. App. 214, 73 S. W. 835; Wright v. Davenport, 44 Tex. 167; Janes v. Stratton (Tex. Civ. App.) 203 S. W. 386; McDonald v. Whaley (Tex. Civ. App.) 207 S. W. 609; Brader v. Zbranek (Tex. Civ. App.) 213 S. W. 331; 23 Corpus Juris, 198, cases cited under note 43;

Parker v. Anderson (Tex. Civ. App.) 85 S. W. 856.

[2] Appellant's propositions Nos. 1 to 8 seek a reversal of the case because the court refused to sustain the general demurrer and general exceptions to plaintiffs' petition. We believe the petition is good against a general demurrer or a general exception.

Although the allegations are meager, the petition contains all the material allegations of fraud necessary for a rescission of a contract based upon a contract obtained through fraudulent representations for breach of warranty as to the condition and fitness of the property so exchanged, and is good against a general demurrer or general exception. Hensley v. Pena (Tex. Civ. App.) 200 S. W. 427; Perez v. Maverick (Tex. Civ. App.) 202 S. W. 199; Pitt v. Gilbert (Tex. Civ. App.) 190 S. W. 1157.

Appellant's ninth proposition, that the court erred in failing to instruct a verdict for him, is not well taken, because the petition sufficiently alleges a breach of warranty of a contract induced by fraud to require a rescission thereof, and the evidence sustains the verdict of the jury based thereon.

[3, 4] Appellant by his tenth proposition complains that, the trial court having found that the automobile was of more value than the jury found the property delivered by appellees to appellant to be, they were not damaged, and were not entitled to a rescission on breach of warranty. The value of the property exchanged by one guilty of inducing a contract by fraud, upon a breach of warranty relative to the condition of the automobile at the time of its delivery, becomes immaterial, except on the question of tendering same back as a condition precedent before a rescission can be had. Therefore its value is immaterial, since the warranty relates to its condition and its fitness for service, which the jury in this case found in favor of appellees, and their verdict, being based upon sufficient evidence, will not be disturbed.

[5] Appellant's eleventh assignment claims that the court erred in failing to submit the question to the jury that a bill of sale for the reconveyance of the automobile had not been given or tendered by appellees to appellant as required by law until after the trial of the case had proceeded almost to the conclusion of the testimony. This we do not think to be good, as the record discloses that appellant refused to accept the automobile, and that appellees did deliver it to him, and it was in his possession at the time of the trial, and tender during the trial of such bill of sale was in sufficient time, under the circumstances of this case.

[6, 7] Appellant's twelfth assignment of error, that the trial court erred in submitting special issue No. 1 to the jury, is without merit. The matter submitted in this question was admissible as evidence upon the issue of whether or not the representations induced appellees to make the contract. The court submitted an issue of evidence rather than one of fact to be ascertained, but we find it to be immaterial in this case, since the jury found on other issues sufficient facts to constitute fraud. And the further exception that the issue submitted two questions in one issue is not well taken, since no request was made that they be separated at the time, nor was there any special charge requesting them to be given separately.

By his propositions Nos. 13 to 18, inclusive, appellant objected to the submission of the various special issues to the jury, because they were not based upon sufficient evidence to require their submission to the jury, and were not supported by the evidence. The pleadings in this case alleged a suit for a rescission of contract by reason of a breach of warranty of a contract induced by fraud, and the testimony introduced was sufficient to support the finding of the jury upon such special issue, and hence will not be disturbed upon appeal.

[8] By his nineteenth proposition, appellant excepts to the action of the court in submitting to the jury by special issues questions seeking to elicit their findings of the value of the goods exchanged by appellees for the automobile. There was no error in this. Appellees sought to recover the property, and, if it could not be had, its value. Besides appellees had sequestered the property, and appellant had given a replevy bond therefor, and upon which appellees sought to recover the value of the property exchanged, if not forthcoming under the replevy bond.

[9] By his twentieth proposition, appellant seeks a reversal of the case because the court charged the jury that the burden was upon the plaintiffs to establish the material allegations of their petition without charging them that the burden was upon the plaintiffs to establish an affirmative answer in their favor on the various questions or special issues submitted. We do not think this to be good, for the reason that appellant did not, by a specially requested charge, properly point out the burden of proof, and for the further reason that appellant requested the following charge, which was given, and which is in accord with the charge on the burden of proof given by the court:

"You are instructed that, in order to constitute fraud, it must appear from a preponderance of the evidence that the alleged representations were made by the defendant as alleged in plaintiffs' petition and were known to be false by the defendant, or were recklessly made without any regard to their truth or falsity, and were made for the purpose of influencing the plaintiffs, and that said representations were relied upon by the plaintiffs and induced them to make the trade in question. Now bearing in mind the foregoing definition, you will answer the following question: Did the defendant make any fraudulent representations to the plaintiffs in

respect to the matters alleged in plaintiffs' petition?"

By his propositions Nos. 21 to 26, inclusive, appellant seeks to reverse the case because he alleges that the findings of the jury were unsupported by the evidence. From our findings of fact herein, we are of the opinion that the evidence sufficiently supports the finding of the jury upon each issue submitted, and that the judgment based thereon is the proper judgment to be rendered in this case.

We are therefore of the opinion that the case should be affirmed.

Affirmed.