## WILLIAMS v. ZANG.    (No. 577–4396.)

(Commission of Appeals of Texas, Section B.
Feb. 3, 1926.)

**1. Automobiles ⌒247—Findings in action for
injuries in collision held in conflict, preclud-
ing judgment.**

In action for injuries in automobile colli-
sion, findings concerning plaintiff's negligence,
defendant's negligence, and proximate cause of
the injury *held* to be in such hopeless confusion
as to preclude possibility of rendering a judg-
ment thereon, which must follow the verdict.

**2. Negligence ⌒142—Finding as to proximate
cause of injury held to create conflict preclud-
ing judgment.**

A contributing cause is actionable only when
it is a direct or proximate cause, so that find-
ing that defendant's negligence was not the di-
rect and proximate cause of the injury necessa-
rily excludes finding that such negligence was
even a contributing, proximate cause, and a
finding to the contrary creates an inconsistency
destroying a verdict for the defendant and
precluding entry of judgment thereon.

**3. Automobiles ⌒240(3)—Petition held to au-
thorize recovery if defendant's negligence
contributed with negligence of another to
cause collision.**

Petition declaring that each and all of neg-
ligent acts of defendant proximately contributed
to cause collision and injuries to plaintiff is
broad enough, in absence of a special excep-
tion, to authorize recovery, if any or all of
defendant's negligent acts proximately contrib-
uted with negligence of a third party to cause
injuries; and hence Court of Civil Appeals
erred in refusing to consider answer to re-
quested issue of a third party as to whether
defendant's failure to use ordinary care con-
curred with his negligence so as to proximately
contribute to produce collision.

**4. Negligence ⌒119(7)—Plaintiff alleging de-
fendant's negligence was sole proximate cause
of injuries may recover on proof defendant's
negligence concurred with negligence of anoth-
er.**

If plaintiff seeks recovery on theory that
negligence of defendant was the sole proximate
cause of his injuries, it is not a failure of proof
nor a variance to permit recovery on proof that
such negligence proximately contributed with
negligence of another to produce plaintiff's in-
juries.

Error to Court of Civil Appeals of Fifth
Supreme Judicial District.

Suit by R. F. Williams against Mrs. A. M.
Zang, in which defendant interpleaded Pat
O'Reilly. A judgment for the defendant was
affirmed by the Court of Civil Appeals (270
S. W. 1083), and plaintiff brings error. Judg-
ment of trial court and Court of Civil Ap-
peals reversed, and cause remanded for new
trial.

John White, of Dallas, for plaintiff in er-
ror.

Thomas, Frank, Milam & Touchstone, of
Dallas, for defendant in error.

SPEER, J. Plaintiff in error sued defend-
ant in error to recover damages for personal
injuries growing out of an automobile colli-
sion, and the defendant interpleaded Pat
O'Reilly, alleging that the injuries to plain-
tiff, if any, were proximately caused by the
negligence of O'Reilly, the driver of the car
in which plaintiff was riding, seeking a judg-
ment over against O'Reilly in the event of
plaintiff's recovery against her. The cause
was submitted upon special, issues, upon the
answers to which the trial court entered judg-
ment for defendant in error Zang, which
judgment was affirmed by the Court of Civil
Appeals. 270 S. W. 1083. There are two
assignments of error; but in view of the dis-
position we make of the first, the second, if
not included in the first, at least becomes
immaterial. The real question in the case is
whether or not the answers to the special
issues submitted are so conflicting and ir-
reconcilable as to prevent any judgment be-
ing rendered thereon. The issues submitted,
together with the answers given, so far as
material, are as follows:

No. 1. "Was the defendant Mrs. A. M.
Zang guilty of negligence as that term has
been defined herein at the time of and on the
occasion inquired about complained of in plain-
tiff's petition? Answer: Yes."

No. 1a. "If you have answered special is-
sue No. 1 in the affirmative, then you will an-
swer this question: Was such negligence, if
any you have found, the direct and proximate
cause of the injury complained of by the plain-
tiff? Answer: No."

No. 2. "Did Mrs. A. M. Zang, at the time of
and on the occasion inquired about, fail to use
ordinary care as that term has been, defined
above to avoid injuring plaintiff? Answer:
Yes."

No. 2a. "Did the failure, if any, of the de-
fendant Mrs. A. M. Zang, to use ordinary care
as that term has been defined herein at the
time of and on the occasion inquired about,
proximately cause the plaintiff to be injured?
Answer: No."

No. 3. "Did the plaintiff use ordinary care
for his own safety at the time of and on the
occasion inquired about? Answer: No."

No. 4. "Was such failure, if any, on the part
of the plaintiff to exercise ordinary care for his
own safety the proximate cause of his injury?
Answer: No."

No. 8. "Was the injury, if any, of the plain-
tiff, the direct and proximate result of an un-
avoidable accident? Answer: No."

No. 10. "Was the said O'Reilly guilty of
negligence as that term has been defined herein
in the operation of his automobile at the time
of and on the occasion inquired about? An-
swer: Yes."

No. 11. "Did the said O'Reilly fail to use
ordinary care as that term has been herein de-
fined in the operation of his automobile at the
time of and on the occasion inquired about?
Answer: Yes."

⌒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

No. 12. "Was such failure to use ordinary care, if any you have found, in the operation of the automobile by the said O'Reilly, the direct and proximate cause of the injury to plaintiff, if any, as complained of in his petition? Answer: Yes."

No. 13. "Was such negligence, if any you have found, in the operation of the said automobile by the said O'Reilly, the direct and proximate cause of the injury as complained of to plaintiff in his petition? Answer: Yes."

Plaintiff's requested issue No. 3: "Did the defendant Mrs. A. M. Zang, immediately or within a reasonable period of time before the collision described in plaintiff's petition, yield the right of way to the motor vehicle in which plaintiff was riding? Answer:   No."

Plaintiff's requested issue No. 3 continued: "Did the failure, if any, of the defendant Mrs. A. M. Zang to yield the right of way to the vehicle in which plaintiff was a passenger while the defendant was approaching the place, of the accident proximately contribute to cause the accident and the injuries to plaintiff? Answer: Yes."

Defendant O'Reilly's requested issue No. 8: "If you have answered special issue No. 1 in the affirmative or by 'yes,' and if you have answered special issue No. 3 in the negative or by 'no,' then you will answer this question: Did the failure, if any, of Mrs. Zang to use ordinary care concur with the failure, if any, of Pat O'Reilly to use ordinary care proximately contribute in producing the collision? Answer: Yes."

Defendant Zang's further requested issue: "Was the negligence, if any, of defendant Pat O'Reilly, wholly and alone without the negligence of any other person, proximately the cause of the injury, if any, of which plaintiff complains in this case? Answer: No."

[1] These findings are in such hopeless conflict as to preclude the possibility of rendering judgment thereon. Under the practice in this state that the judgment must follow the verdict (Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; Waller v. Liles, 96 Tex. 21, 70 S. W. 17), it would be impossible to render judgment for the plaintiff or the defendant without doing violence to some finding by the jury.

[2] In response to the court's issues 1 and 1a, the jury finds that Mrs. Zang was guilty of negligence, but that such negligence was not the direct and proximate cause of plaintiff's injury. In response to the court's issues 2 and 2a, the jury finds that Mrs. Zang failed to use ordinary care to avoid injuring the plaintiff, but that such failure was not the proximate cause of plaintiff's injuries. These two issues are in legal contemplation, of course, identical. In defendant O'Reilly's requested issue No. 8, the jury finds that the failure of Mrs. Zang to use ordinary care did concur with the failure of defendant Pat O'Reilly to exercise ordinary care, and proximately contributed in producing the collision. This finding necessarily conflicts with the previous finding that Mrs. Zang's negligence was not the proximate cause of plain-

tiff's injuries. It may be conjectured that by their answers to the court's issues 1, 1a, 2, and 2a, the jury meant to find the negligence of Mrs. Zang was not the sole proximate cause of plaintiff's injuries; but the answers are not so worded. A contributing cause is actionable only when it is a direct or proximate cause, and the answer to 1a that Mrs. Zang's negligence was not the direct and proximate cause, and the answer to No. 2a that her failure to exercise ordinary care did not proximately cause the plaintiff's injuries necessarily, excludes the finding that such negligence or want of care was even a contributing proximate cause. In response to defendant O'Reilly's requested issue No. 8, the jury have found the very contrary of this, that is, that the failure of Mrs. Zang to use ordinary care did concur with a like failure on the part of Pat O'Reilly, proximately contributing to produce the "collision." Of course, this is tantamount necessarily to saying the "injuries," for it is undisputed that whatever injuries there were were caused by the collision. Besides, the answers to plaintiff's requested issue No. 3, in connection with the answers to the court's issues 1 and 2, show conflict. Such conflicts in the findings destroy the verdict and no judgment thereon can be entered. Waller v. Liles, supra; First Nat. Bank v. Rush (Tex. Com. App.) 246 S. W. 349.

[3] The Court of Civil Appeals declined to consider the answer to O'Reilly's requested issue No. 8, which we have held creates a conflict, because it was of the opinion such issue was not made by the pleadings, the argument being that plaintiff in error sought to recover alone on the alleged negligence of the defendant in error and not on the ground that her negligence concurred with that of Pat O'Reilly, and that therefore the answer to issue No. 8 is an extraneous matter not to be regarded. We think this conclusion is wrong for two reasons: First, plaintiff in error's petition is sufficient to authorize a recovery against defendant Zang, as upon an allegation of negligence contributing to his injuries. The petition nowhere declares that plaintiff's injuries were the result solely of defendant Zang's negligence, but on the contrary contains allegations like this: "Is the proximate result of said accident and said injuries, to the great damage," etc., of plaintiff; and, "that each and all of the negligent and unlawful acts as aforesaid on the part of the defendant proximately contributed to cause the collision and injuries as aforesaid to the plaintiff." This latter allegation certainly is broad enough, at least in the absence of a special exception, to authorize a recovery if any or all of the alleged negligent acts of defendant proximately contributed with the negligence of Pat O'Reilly or any other person to cause the collision and injuries. It does not necessarily mean that each of such acts contributed with all

other such acts of the defendant Zang to cause the injuries.

[4] But in the next place, if the petition seeks to recover upon the theory that the negligence of defendant Zang was the sole proximate cause of plaintiff's injuries, it is not a failure of proof nor a variance to permit recovery upon proof that such negligence proximately contributed along with the negligence of another to produce the plaintiff's injuries. In Markham v. Houston, etc., Co., 73 Tex. 247, 11 S. W. 131, the petition alleged:

"The direct cause of the injury to plaintiff's wife was the act of defendant in leaving said cable across said bayou after nightfall without a light being fastened to it."

The Supreme Court said:

"While two wrongdoers may be sued jointly and a recovery had against both if both are guilty, or if one only shall be found guilty against that one, such suit may as in this case be brought against one only of the wrongdoers, and upon proof that the one sued was guilty of contributing to the injury recovery may be had against that one for the injury caused by it and the contributing act of the other wrongdoer, as if the whole was caused by the party sued. The only difference that can result between suing two as wrongdoers jointly and electing to sue one only will be when one is found not to have contributed at all to the injury, in which case, if by mistake the innocent party has been sued, there can be no recovery, whereas if both had been joined a recovery could have been had against the one proved to be guilty."

In G., C. & S. F. Ry. Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755, this is said:

"Under the evidence and finding of the jury it must be conceded that the negligence of appellant contributed to the injury, and if it be conceded that the person who put the turntable in motion was sui juris this would not relieve the appellant from liability though another party might also be liable.

"If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other."

In O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628, O'Connor, the landlord, was sued for damages for injuries alleged to have been received by the plaintiff through the alleged negligence of the defendant. A judgment for the plaintiff was affirmed, and in the course of the opinion the court said:

"If the defendant was responsible for the condition of the wall and he knew that it had been rendered dangerous by attaching the wire to it [attached by another person], and knowingly, or without the use of proper diligence,

permitted the dangerous condition to remain, he was correctly held to be responsible for the consequences. * * * If the negligent acts of the defendant and the electric wire company were simultaneous and concurrent, both were liable for the consequences."

We therefore recommend that the judgments of both the trial court and the Court of Civil Appeals be reversed, and the cause remanded to the trial court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.