## J. M. RADFORD GROCERY CO. et al. v. ANDREWS.  (No. 2994.)

Court of Civil Appeals of Texas. Amarillo. April 11, 1928.

Rehearing Denied May 9, 1928.

**1. Damages ⊜⟹221—Trial court must submit to jury issue of plaintiff's permanent injuries, where supported by evidence.**

Trial court must submit to jury question of plaintiff's permanent injuries, where there is evidence on which jury could return verdict for loss of earning capacity.

**2. Damages ⊜⟹221—Evidence need only show reasonable probability of future ill effects to warrant submission of issue of permanent injuries.**

Evidence need only show reasonable probability of occurrence of future ill effects of injury to warrant submission to jury of issue of permanent injuries.

**3. Damages ⊜⟹216(3)—Instruction allowing jury to give compensatory damages for injuries and allow fair sum for diminished earning capacity held not to permit double damages.**

Instruction, in action for injuries, that jury should allow plaintiff such sum as would compensate him for injuries sustained, and in assessing damages should take into consideration pain and suffering and allow fair compensation for diminished earning capacity, held not erroneous as permitting double recovery of damages.

**4. Damages ⊜⟹221—Defendants who fail to request in writing proper issue for submission of issue of permanency could not complain that issue submitted was multifarious.**

In action for injuries, defendants, who failed to request in writing a proper issue for separate submission of question of permanent injury to jury, could not complain that issue submitting question of damages was multifarious as including both compensatory damages and damages for diminished earning capacity.

**5. Trial ⊜⟹219—Instruction explaining ordinary care with reference to approaching and passing other vehicles held not erroneous in case submitted on special issues (Pen. Code 1925, art. 790; Rev. St. 1925, art. 2189).**

In action for injuries submitted on special issues, instruction as to duty of drivers of vehicles to use "ordinary care" in approaching and passing other vehicles, and explaining degree of care under Pen. Code 1925, art. 790, held not erroneous as general charge under Rev. St. 1925, art. 2189, which provides for explanations and definitions of legal terms in actions submitted on special issues.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Automobiles ⬦➾172(8)—Failure to use ordinary care in approaching, or passing another vehicle is "negligence."**

Failure of driver of motor vehicle to use ordinary care in approaching and passing other vehicles is "negligence" per se.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence.]

**7. Automobiles ⬦➾246(11)—Instruction that care in passing other vehicles varies with known probabilities of danger was erroneous as between defendants whose drivers attempted to pass plaintiff's wagon causing injuries, but did not affect plaintiff's recovery.**

In action for injuries resulting from collision between truck and bus which collided when both attempted to pass plaintiff's wagon, instruction that, on approaching or passing another motor vehicle, the "degree of care varies as the known probabilities of danger may vary," *held* erroneous as between the defendants as excusing truck driver from exercising ordinary care in case he did not know of the approach of the bus, but instruction did not require reversal as to plaintiff's recovery, where recovery was sought against defendants as joint tortfeasors for concurring negligence.

**8. Automobiles ⬦➾247—Finding that bus driver's negligence was proximate cause of injury did not conflict with finding that injury resulted from concurring negligence of bus and truck drivers.**

In action for injuries resulting from collision between truck and bus attempting to pass plaintiff's wagon, findings of jury that both drivers of bus and truck were guilty of negligence, and that negligence of bus driver was proximate cause of injury, *held* not to conflict with finding that the negligence of the truck driver was not the proximate cause of the injury, and that the negligence of both defendants concurred to produce the result.

**9. Negligence ⬦➾61(1)—One defendant is not relieved from responsibility for concurring negligence by fact that other's negligence proximately contributed to cause injuries.**

In suit against defendants as joint tortfeasors, fact that negligence of one proximately contributed, with the negligence of the other, to cause plaintiff's injuries, would not relieve other of responsibility.

**10. Negligence ⬦➾61(1)—Tort-feasors whose concurring negligence causes injuries are both liable, though neither's negligence was sole proximate cause of injuries.**

Where injuries are caused by concurring negligence of joint tort-feasors, both are liable, though negligence of one was not sole proximate cause of the injuries.

**11. Automobiles ⬦➾200—Owners of bus and truck, negligent operation of which concurred to cause plaintiff's injuries, held both liable, notwithstanding jury's finding that truck driver's negligence was not proximate cause of injuries.**

In action for injuries to driver of wagon resulting from collision between truck and bus attempting to overtake him, plaintiff *held* entitled to recover from both owner of bus and owner of truck, sued as defendants, where concurring negligence of bus driver and truck driver caused injuries, notwithstanding jury's finding that negligence of truck driver was not the proximate cause of the injuries.

**12. Negligence ⬦➾61(1)—Defendants whose negligent acts concurred to produce injury are both liable to person injured, regardless of mutual liability.**

If the negligent acts of the defendants concurred to produce or cause injury, both are liable to person injured, regardless of the question of liability as between them.

**13. Pleading ⬦➾149—In action against owners of truck and bus for collision causing injuries, owner of truck held entitled to have submitted to jury his cross-action against codefendant.**

In action by driver of wagon against owner of truck for injuries resulting from collision between truck and bus which attempted to pass him, owner of truck was entitled to have submitted to jury cross-action against the owner of the bus also sued as defendant.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by Poney Andrews against the J. M. Radford Grocery Company, in which defendant filed a cross-action joining Herbert Cockrell and C. C. Abbott, operating as the South Plains Coaches, Inc., as defendants. From a judgment for plaintiff, defendants appeal. Judgment affirmed in part, and in part reversed and remanded.

Roscoe Wilson, W. D. Benson, and Bean & Klett, all of Lubbock, and John H. Awtry, of Dallas, for appellants.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for appellee.

RANDOLPH, J. This suit was instituted by the appellee, who will hereinafter be designated plaintiff, against J. M. Radford Grocery Company, hereinafter styled Radford. Radford filed its answer and cross-action, in which it made Herbert Cockrell and C. C. Abbott, operating under the name of South Plains Coaches, Inc., parties defendant, and seeking recovery over against them, in the event the plaintiff recovered against it. Plaintiff then filed his amended petition, in which he made Abbott and Cockrell parties defendant (who will hereinafter be designated Abbott), along with Radford, and sought judgment against all of the defendants for injuries resulting from the concurring negligence of the defendants.

Trial was had before a jury on special issues, and judgment was rendered upon the answers to such issues in favor of the plaintiff against the defendants jointly. From this judgment, appeal has been taken to this court by both of the defendants Radford and Abbott.

---

⬦➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In the consideration of the questions presented by this appeal, we will first consider the matters assigned as error by defendant Radford and adopted by defendant Abbott, relating to questions arising under their common defenses.

The first question presented is: There being no evidence that the plaintiff was permanently injured, the trial court erred in instructing the jury to consider as an element of damage to plaintiff the permanent character of such injury.

The plaintiff was injured under the following circumstances: He was traveling along a paved street in the town of Lubbock, which was approximately 100 feet wide, driving his team along the right-hand side of the street. His wagon was about 5 feet from the curb at the time of the accident. Radford's truck came from behind the plaintiff, as did Abbott's bus, and the two, in passing the wagon, appear to have come into collision, when the truck was thrown against the wagon, or when the truck, swerving to avoid such collision, struck the wagon, throwing the plaintiff out of the wagon, onto the paved street, injuring him.

[1] In view of the disposition of the case to be made by us, we do not think a discussion of the evidence, showing the injuries of plaintiff, is proper here, or necessary, but say that the evidence in the record was sufficient to authorize the court to submit the question of permanent injuries to the plaintiff, to the jury. This being true, and there being evidence upon which the jury could return their verdict, the trial court's duty was to submit such issue to them. Industrial Lumber Co. v. Bivens, 47 Tex. Civ. App. 396, 105 S. W. 831.

[2] Error is also assigned upon the proposition that there is no evidence that the earning capacity of the plaintiff was diminished by the injury; that the earning capacity of the plaintiff was susceptible of definite proof; and that no such proof was introduced in evidence. This contention cannot be sustained by us. As stated above, it would serve no useful purpose to recite the evidence in the case nor to discuss its weight; hence we overrule both contentions.

"Proof to a reasonable certainty that damages will accrue in the future to one by reason of his personal injuries is more proof than the law requires. It is only required that the evidence should show a reasonable probability of the occurrence of future ill effects of the injury." Industrial Lumber Co. v. Bivens, supra. See, also, Dallas Consolidated Electric Street Ry. v. Motwiller, 101 Tex. 515, 109 S. W. 918.

[3] The defendants also contend that the trial court erred in giving the jury the following issue and charge:

"Special issue No. 7: What amount, if any, do you find, from a preponderance of the evidence, that the plaintiff, Poney Andrews, has been damaged as the result of the accident? You will answer by stating the amount which you find and determine from the evidence. In determining the amount in your verdict for damage, if you allow damage, you should allow him such sum as you believe from the evidence, which, if paid now, will compensate him for the injuries sustained, if any; and in assessing damages, if any, you must take into consideration the mental and physical pain and suffering, if any, caused by his injuries, if any, and if you believe from the evidence that his injuries, if any, are permanent and will diminish his capacity to earn money in the future, then you may allow him such sum as you believe, from the evidence, will be a fair compensation for his diminished capacity, if any, to labor and earn money in the future,"

—for the reason that such instruction and charge permits a double recovery of damages. We overrule this contention. Industrial Lumber Co. v. Bivens, supra; Missouri, K. & T. Ry. Co. v. Aycock (Tex. Civ. App.) 135 S. W. 198 (writ denied).

[4] If the defendants desired a separate submission of the question of permanent injury, to the jury, they should have requested in writing a proper issue for submission. Not having done so, the error is not available to them that such issue was multifarious. Evans v. Hartman (Tex. Civ. App.) 286 S. W. 326; Wichita Falls, R. & Ft. W. R. Co. v. Emberlin (Tex. Civ. App.) 274 S. W. 991.

The trial court gave to the jury the following explanatory charge:

"It is the duty of all persons who may be driving motortrucks or motorbusses to use ordinary care, as that term is herein defined, in approaching and passing other vehicles or other objects, on the same—or in close proximity thereto, the degree of care varying as the known probabilities of danger may vary along the different portions of the route over which said trucks and busses are driven; and a failure, if any, to use such care by those who are employed or hired to drive motortrucks or motorbusses is negligence on the part of the employers or owners of such trucks or busses."

This charge was excepted to, first, because the court having submitted the case to the jury upon special issues, it was error to give them a general charge; and, second, that said charge departs from the standard of ordinary care and confines the degree of care to be used by the driver of the truck to known probabilities of danger.

The special vice in the charge, as urged by defendant Abbott, is that said defendant has throughout the trial, claimed that the driver of the Radford truck was directly and solely responsible for the injury, in that said driver did not use ordinary care to give warning that he was passing the plaintiff's wagon. In other words, Radford defended his actions on the ground that he did not know of the approach of the car, and, since he did not know of its approach, he was not guilty of negli-

gence in failing to use ordinary care to observe its approach.

The statute (article 790 of the Texas Penal Code 1925) provides as follows:

"No person operating or driving a motor or other vehicle upon the public highways shall pass any motor or other vehicle, person or thing on any public highway of this state at such rate of speed as to endanger the life or limb of any person or the safety of any property."

[5] The objection here made by Abbott, that the charge is a general charge, is, we think, met by the provisions of article 2189, Revised Civil Statutes 1925. In addition to providing for the submission of the case on special issues, it is also provided that the trial court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues.

[6] The charge quoted is an exemplification of the court's definition of negligence, in that the court instructs the jury that a failure to use ordinary care in approaching or passing other vehicles is, per se, negligence. In that respect, the charge attacked is sustained by the following authorities: Solan & Billings v. Pasche (Tex. Civ. App.) 153 S. W. 672; Southern Traction Co. v. Jones (Tex. Civ. App.) 209 S. W. 457; Moss v. Koetter (Tex. Civ. App.) 249 S. W. 259; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Lancaster v. Browder (Tex. Civ. App.) 243 S. W. 625.

[7] That the charge, as between the defendant Abbott and the defendant Radford, was erroneous, in charging that the "degree of care varies as to the known probabilities of danger may vary," is apparent. This charge confines the degree of care controlling the truck driver's action to such danger as he may have known. In the absence of knowledge of the approach of the bus, when he attempted to pass the wagon, the law did not exempt him from doing the things that ordinary care dictates he should have done. Hence, as between the defendant Abbott and the defendant Radford, both and each of whom the jury found to be guilty of negligence, such charge certainly departs from the requirements of ordinary care. But as to the plaintiff, this holding does not apply. The plaintiff sues the defendants as joint tortfeasors. The jury found them each guilty of negligence. Whether the negligence of one was the sole proximate cause, or not, was no concern of the plaintiff. Whether one was guilty of the actual contact, and the other was the proximate cause of the contact, each was negligent, and the jury found that the negligence of the defendant Abbott was the proximate cause of the injury, and that the negligence of the defendant Radford was not the proximate cause, yet the two concurring, so far as the plaintiff is concerned, he was entitled to recover against both as joint tortfeasors. The departure of the charge, in which it was required that ordinary care should be limited to known probabilities of danger, was a matter of which the plaintiff could have complained, but was not one which the defendants could complain of in the plaintiff's suit against them.

[8] The finding of the jury that both defendants were guilty of negligence, and that the negligence of the bus driver was the proximate cause of the accident or injury does not, in the case of the plaintiff against both defendants, present a conflict with the finding that the negligence of the truck driver was not the proximate cause of the injury, and the finding that the negligence of both defendants concurring was the cause of the injury.

The case of Williams v. Zang (Tex. Com. App.) 279 S. W. 815, cited and relied on by both plaintiff and defendants does not control the disposition of the case as between them. In that case, the jury not only found that Mrs. Zang was guilty of negligence, that her negligence was not the proximate cause of the injury, but they also found that, on the occasion of the accident, Mrs. Zang failed to use ordinary care to avoid injuring the plaintiff; that such failure of Mrs. Zang to use ordinary care was not the proximate cause of the plaintiff's injury; and, further, that the plaintiff was guilty of a failure to use ordinary care for his own safety at the time of the injury; that such failure was not the proximate cause of his injury; that O'Reilly (one of the defendants) was guilty of negligence in the operation of his automobile; that the failure of O'Reilly to use ordinary care was the direct and proximate cause of the injury; and that the failure of Mrs. Zang to use ordinary care, concurring with the failure of O'Reilly to use ordinary care, proximately contributed in producing the collision. Upon these issues and answers, Judge Speer, with the express approval of the Supreme Court, held that the findings were in such hopeless confusion as to preclude the possibility of rendering judgment thereon; that it would be impossible to render judgment for the plaintiff or the defendant without doing violence to some finding of the jury.

[9] In the case at bar, the plaintiff, in his second amended original petition, alleges that the concurring negligence of the defendants was the proximate cause of the injury, and the evidence sustains this pleading. And, if the negligence of Abbott is shown to have been the proximate cause of the injury, as found by the jury, nevertheless, the finding that the negligence of the other defendant proximately contributed with the negligence of Abbott to cause the plaintiff's injuries would not relieve the defendant Abbott of responsibility to the plaintiff. Williams v. Zang, supra.

[10] The negligence of the defendant Radford furnishes no excuse for the negligence

of Abbott, and Abbott is liable to the plaintiff, whether his negligence was the sole proximate cause of the injuries or not, if such injuries were caused by their concurring negligence. Gulf, C. & S. F. Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755; Markham v. Houston, etc., Co., 73 Tex. 247, 11 S. W. 131.

[11] Coming to the liability of the defendant Radford to the plaintiff: As stated, the plaintiff alleges concurring negligence of the defendants as occasioning his injuries. The jury found that such concurring negligence of the defendants was the proximate cause of such injuries. Notwithstanding the jury's finding that the negligence of Radford was not the proximate cause might be true, yet that negligence, concurring with the negligence of Abbott, could have been the cause of such injuries. If it is true that plaintiff's right to recover is not limited by reason of the fact that Radford was not the sole proximate cause thereof, yet he is entitled to recover by reason of Radford's negligence concurring with the negligence of Abbott to cause his injury.

In the McWhirter Case, supra, the Supreme Court says:

"Under the evidence and finding of the jury it must be conceded that the negligence of appellant contributed to the injury, and if it be conceded that the person who put the turntable in motion was sui juris this would not relieve the appellant from liability though another party might also be liable.

"If an accident occurs from two causes, both due to negligence of two different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other."

[12] If the negligent acts of the defendants concurred to produce or cause the injury, both are liable, regardless of the question of liability as between them. O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628.

The plaintiff's pleading and the finding of concurring negligence by the jury are supported by the evidence. In the case of Amarillo Traction Co. v. Russell (Tex. Civ. App.) 290 S. W. 905, where the jury had found that the defendant traction company did not use ordinary care in providing the plaintiff with a reasonably safe car for his use as motorman, that the failure to provide such car was a contributing proximate cause of the plaintiff's injuries, and that the negligence of the driver of the truck that collided with the street car was not the sole proximate cause of the plaintiff's injuries, the question here involved was substantially passed on.

In that case, the driver of a truck, backing rapidly out of an alley, brought his truck in collision with the advancing street car. The claim of damage was based upon the fact that the Street Railway Company had failed to furnish the plaintiff a reasonably safe car, whereby he was injured.

Construing the jury's verdict, this court held that the jury found that the negligence of the defendant and of the truck driver each contributed to plaintiff's injuries and were each efficient, proximate causes of said injuries, and, further, that, where several efficient causes contribute to an injury, and without the operation of each, the injury would not have occurred, each cause is a proximate cause, and that the defendant would be liable for such injuries, as if its negligence was the direct, sole, proximate cause.

[13] The trial court refused to submit the defendant Radford's cross-action to the jury. Clearly that defendant had the right to have the jury consider its cause of action against its codefendant Abbott.

We have carefully considered all propositions and assignments, and, finding no reversible error in the matter of plaintiff's recovery, we affirm the judgment of the trial court in favor of the plaintiff against both of the defendants, and reverse the judgment of said court, and remand same for a trial of the issues between the defendants.

On Motions for Rehearing.

The defendant Radford Grocery Company, in its assignment of error No. 14, presents to this court the failure of the trial court to submit the issues as between it and the defendant Abbott to the jury. Therefore, either as a duly assigned error or as a fundamental error, we must consider the action of the trial court in refusing to submit the case, as between the defendants, to the jury. Having done so, and having reversed and remanded the trial court's judgment as to the defendants Radford and Abbott, we see no reason for changing our decision. Hence the motions for rehearing are each overruled.