### J. M. RADFORD GROCERY CO. et al. v. ANDREWS et al. (No. 1206—5220.)

Commission of Appeals of Texas, Section A. March 20, 1929.

Wilson & Randal, Bean & Klett, J. I. Kilpatrick, and W. D. Benson, all of Lubbock, and John H. Awtry, of Dallas, for plaintiffs in error.

Lockhart & Garrard and F. D. Brown, all of Lubbock, for defendants in error.

Statement of Case.

CRITZ, J. We copy the following statement of the case from the opinion of the Court of Civil Appeals:

"This suit was instituted by the appellee, who will hereinafter be designated plaintiff, against J. M. Radford Grocery Company, hereinafter styled Radford. Radford filed its answer and cross-action, in which it made Herbert Cockrell and C. C. Abbott, operating under the name of South Plains Coaches, Inc., parties defendant, and seeking recovery over against them, in the event the plaintiff recovered against it. Plaintiff then filed his amended petition, in which he made Abbott and Cockrell parties defendant (who will hereinafter be designated Abbott), along with Radford, and sought judgment against all of the defendants for injuries resulting from the concurring negligence of the defendants."

Trial before a jury on special issues was had in the district court of Lubbock county, Texas, and judgment was rendered on the an-

swers, in favor of plaintiff, Poney Andrews, against J. M. Radford Grocery Company and C. C. Abbott jointly. The Radford Grocery Company and C. C. Abbott both appealed from this judgment to the Court of Civil Appeals for the Seventh District, at Amarillo, which court affirmed the judgment of the trial court in favor of the plaintiff, against both the Radford Grocery company and C. C. Abbott, but reversed the judgment of the trial court, as to the issues of liability raised as between the two above named defendants. 5 S.W.(2d) 1010. The case is now before this court on two writs of error, one granted on application of the J. M. Radford Grocery Company, and the other on application of C. C. Abbott.

### Opinion.

In response to special issues the jury found:

(a) That the driver of the Radford Grocery Company truck was negligent.

(b) That the negligence of the driver of the Radford Grocery Company truck was not the proximate cause of the injury.

(c) That the driver of the bus of C. C. Abbott was negligent.

(d) That the negligence of the driver of the C. C. Abbott bus was the proximate cause of the injury.

(e) That the negligence of both defendants taken together was the proximate cause of the injury.

The trial court entered judgment against both defendants on the above findings.

By proper assignments it is urged by both plaintiffs in error that the above verdict is conflicting, and therefore the judgment based thereon cannot stand. We are of the opinion that the verdict is clearly conflicting as to both defendants.

It is conflicting as to the defendant Radford Grocery Company, in that it finds its driver's negligence was not the proximate cause of the injury, as shown by (b) above, and then, as shown by (e) above, it, in effect, finds that the negligence of the driver of the said Grocery Company truck was a proximate cause of the injury.

It is conflicting as to the driver of the C. C. Abbott bus, in that the effect of the answers to (a), (b), (c), and (d) above is to find that the negligence of the driver of the C. C. Abbott bus was the sole proximate cause of the injury, and under (e) to find that such negligence was not the sole cause of the injury.

It follows that, since the verdict, taken as a whole, is conflicting as to both defendants, it cannot stand. Williams v. Zang, 279 S. W. 815 (Tex. Com. App., opinion approved).

Defendant Abbott requested the trial court to submit the following two special issues to the jury:

(a) "Would the injury, if any, have resulted, but for the alleged negligence of the driv-

er of the Radford Grocery Company truck in failing, if he did fail, to observe the approach of the car driven by Herbert Cockrell?"

(b) "Would the alleged injury have resulted but for the alleged negligence, if any, of the driver of the Radford Grocery Company truck, in failing, if he did fail, to use ordinary care in turning his car to the right, if he did so turn it?"

The refusal of the trial court to submit the above two special issues is assigned as error in this court. There was no error in refusing either of said charges. They are both so framed that an answer "Yes" or "No," to either or both of them, would be utterly meaningless, and would find nothing. Further, both of said questions are so framed as to involve more than one issue in the same question.

Both plaintiffs in error complain that the following portion of the trial court's main charge is a general charge:

"It is the duty of all persons who may be driving motor trucks or motor busses, to use ordinary care, as that term is herein defined, in approaching and passing other vehicles or other objects, on the same—or in close proximity thereto, the degree of care varying as the known probabilities of danger may vary along the different portions of the route over which said trucks and busses are driven; and a failure, if any, to use such care by those who are employed or hired to drive motor trucks or motor busses is negligence on the part of the employers or owners of such trucks or busses."

The Court of Civil Appeals holds that the above charge is not a general charge, but is the submission of an explanation and a definition of a legal term used in the charge, to wit, the term "negligence." We are of the opinion that the charge is a general charge, and as such is clearly in violation of article 2189, R. C. S. 1925, which provides that when a case is submitted on special issues, the court shall submit only "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." The court in his main charge had already defined negligence, and ordinary care in the usual manner, and an additional charge like the one above which in general terms tells the jury the duties of persons using the streets is certainly giving a general charge.

In this case the only explanation proper or necessary was a clear and succinct definition of negligence, ordinary care, and proximate cause, in connection with proper issues pertaining to liability, and a charge that generally goes into details as to the duties of those using the public streets in driving motor vehicles is a general charge and not a definition or explanation of negligence within the meaning of article 2189, R. C. S. 1925. Houston & T. C. R. Co. et al. v. Strib-

ling (Tex. Civ. App.) 293 S. W. 890, writ refused.

We think it proper to say, in this connection, that we would not reverse this case on account of the giving of the above charge, for the reason that in our opinion the defendants in the trial court did not except to this particular part of the charge as a general charge, but merely excepted to the court's charge as a whole as a general charge. Such an exception would not be sufficient to raise the questions above discussed, but, in view of the fact that the case must be tried again, we deem it proper to express our views on this issue, in order to prevent the recurrence of the error.

On account of the fact that the verdict of the jury is conflicting, and will not support a judgment against either the Radford Grocery or C. C. Abbott, or both, we recommend that the judgment of the Court of Civil Appeals be reformed, and that part of same which reverses the judgment of the trial court and remands the cause to that court for a new trial of the issues between the Radford Grocery Company and C. C. Abbott be affirmed, and that that part of the judgment of the Court of Civil Appeals, which affirms the judgment of the trial court against both the said Radford Grocery Company and C. C. Abbott be reversed, and remanded to the district court for a new trial.

In other words, the result of our recommendation is that the entire cause be remanded to the district court for a new trial as to all parties involved in this appeal.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed and remanded as to all parties involved in the appeal, as recommended by the Commission of Appeals.

We approved the holdings of the Commission of Appeals on the questions discussed in its opinion.